UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER J. COTO,<br><br>             Plaintiff,<br><br>vs.<br><br>D. MOFFETT, et al.,<br><br>             Defendants | Case No. 1:13 cv 00864 LJO GSA PC<br><br>ORDER DISMISSING COMPLAINT AND GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT<br><br>AMENDED COMPLAINT DUE<br>IN THIRTY DAYS |

**I.     Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II. Plaintiff's Claims

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at CSP Corcoran, brings this civil rights action against defendant correctional officials employed by the CDCR at CSP Corcoran. Plaintiff names as defendants the following individuals: Sergeant J. Taber; Sgt. Rangel; Sgt. Holland; Correctional Officer (C/O) Murphy; C/O Moffett. Plaintiff sets forth claims of retaliation in violation of the First Amendment, deliberate indifference to his medical needs in violation of the Eighth Amendment, and a violation of the Fourteenth Amendment Equal Protection Clause.

Plaintiff alleges that upon his arrival at CSP Corcoran on February 8, 2012, the Receiving and Release Sergeant confiscated his hearing aids. Plaintiff immediately complained to the nurse, a doctor, and the lieutenant. On March 2, 2012, Plaintiff's property was returned to him. Plaintiff noted that his hearing aid was smashed and not functioning.

Plaintiff alleges that on December 14, 2012, Defendant Moffett gave Plaintiff a food tray that had a hair on the food. Plaintiff complained about it, and Moffett ignored him. Plaintiff went to the exercise yard at noon. Plaintiff alleges that while he was on the yard, Moffett "trashed" his cell and took Plaintiff's hearing aid.

2

Plaintiff filed three separate Requests for Interview (CDCR Form 22), submitting them to Sgt. Holland. Plaintiff was told that Defendant Moffett and other officers denied conducting a cell search. On December 18, 2012, C/O Murphy talked to Plaintiff, telling him that Defendant Holland ordered that Plaintiff's cell be searched, "but what they came in and did was took my cell search slip dated from December 14, 2012 left by Defendant D. Moffett." Plaintiff alleges that he confronted Defendants Murphy and the rest of the second watch officers. Plaintiff expressed his view that they conspired to violate his civil rights and his intention to file a civil rights complaint.

On December 26, 2012, Defendant Holland spoke to Plaintiff, telling Plaintiff that "we don't appreciate your busting our staff out all over the tier in front of other inmates about something being in your food." Plaintiff asked Holland why they were denying that they searched his cell. Holland told Plaintiff that since they retrieved the cell search slip, he could not prove that they searched his cell. Holland ordered Murphy to take Plaintiff back to his cell. A few hours later, Murphy came to Plaintiff's cell door with an altered cell search slip, indicating that they had not taken Plaintiff's hearing aid.

Defendant Taber interviewed Plaintiff on January 10, 2013. After explaining that his medical device was taken and Plaintiff was lied to about it, Taber "simply told Plaintiff you shouldn't be complained telling reported filed paperwork on my officers against them." Plaintiff alleges that Taber "condoned and conspired with Defendant Moffett and Murphy as well as N. Holland to retaliated against plaintiff for his reported it staff, and filing of 602/grievance [sic]."

A. **Retaliation**

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a 1983 claim. Rizzo v. Dawson, 778 F.2d 5527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4)

3

chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

Here, the Court finds the allegations to be vague. Plaintiff alleges that his hearing devices were confiscated in retaliation for filing an inmate grievance. Plaintiff does not, however, specify what grievance he filed, when he filed it or what was in the grievance. That Plaintiff may have filed a grievance after his hearing devices were confiscated and that Defendants may have denied conducting a cell search does not subject them to liability for retaliation. Further, Plaintiff has not alleged any facts indicating how his First Amendment activity was in any way chilled. Plaintiff's conclusory allegation that he is being retaliated against is unsupported by specific factual allegation. This claim should therefore be dismissed.

B.  **Medical Care**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060).

Here, the Court finds Plaintiff's allegations to be vague. To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of

4

Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'"  Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'"  Id. (quoting Johnson at 743-44).   Plaintiff has not specifically charged each defendant with conduct indicating that they knew of and disregarded a serious risk to Plaintiff's health, resulting in injury to Plaintiff.  Plaintiff may not hold defendants liable simply by alleging that he was temporarily deprived of his hearing devices.  On this allegation, the Court finds that Plaintiff alleges that his hearing devices were destroyed, then later confiscated.  Plaintiff's allegation indicates that his devices were replaced.  Such allegations indicate, at most, negligence.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."  Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980)(citing Estelle, 429 U.S. at 105-06).  See also Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).   Plaintiff has failed to charge each individual with specific conduct indicating that they were deliberately indifferent to an objectively serious medical condition of Plaintiff's, resulting in injury to Plaintiff.   This claim should therefore be dismissed.

      C.     **Equal Protection**

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985); Shakur v. Schiriro, 514 F.3d 878, 891 (9th Cir. 2008).  A plaintiff may establish an equal protection claim by showing that the plaintiff was intentionally discriminated against on the basis of plaintiff's membership in a protected class. Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 960, 702-03 (9th Cir. 2009); Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003), or

that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Dept. of Agr., 553 U.S. 591, 601-02 (2008); Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

Here, Plaintiff has not alleged any facts indicating that he is a member of a protected class, or that similarly situated individuals were treated differently without a rational relationship to a legitimate state purpose. That Plaintiff is an inmate with a disability does not automatically subject defendants to liability for a Fourteenth Amendment violation for their conduct. Plaintiff must allege facts that satisfy the above standard. He has failed to do so and this claim should therefore be dismissed.

## III.     Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims Upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an

original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

    Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send to Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and
5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: **November 26, 2014**

**/s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE